G.S. 505 Park, LLC v Sherry-Lehmann, Inc. (2025 NY Slip Op 03248)

G.S. 505 Park, LLC v Sherry-Lehmann, Inc.

2025 NY Slip Op 03248

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 653936/23|Appeal No. 4463 M-1570|Case No. 2025-00351|

[*1]G.S. 505 Park, LLC, Plaintiff-Appellant,
v
Sherry-Lehmann, Inc., Doing Business as Sherry-Lehmann Wine & Spirits, et al., Defendants, Chris Adams, Defendant-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel), for appellant.
Davis + Gilbert LLP, New York (Jesse B. Schneider and Zachary G. Karram of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about January 3, 2025, which granted defendant Chris Adams's motion pursuant to CPLR 3211(a)(1) to dismiss plaintiff's fourth and sixth claims for breach of guaranty and attorneys' fees, unanimously reversed, on the law, without costs, and the motion denied.
The motion court should not have dismissed plaintiff's claims under the guaranty based on the three lease modifications to which defendant guarantor did not consent. While it is true that generally, "an obligation may not be altered without the consent of the party who assumed the obligation" (Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315 [1989]), where, as here, the guaranty provides that the guarantor remains bound by subsequent modifications to the lease, defendant guarantor is "bound to satisfy the underlying obligations in spite of modifications to those obligations" (American Bank & Trust Co. v Koplik, 87 AD2d 351, 353 [1st Dept 1982]).
As we determined in SpringPrince, LLC v Elie Tahari, Ltd. (173 AD3d 544 [1st Dept 2019]), "[t]he subsequent agreement between the tenant and the landlord reducing the tenant's rent obligations did not discharge defendant's obligations under the guaranty as it merely constituted leniency on the part of the landlord and did not create a new contract between the parties" (id. at 545-546). M-1570 — G.S. 505 Park, LLC v Sherry-Lehmann, Inc.
Motion for leave to file amicus curiae brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025